OPINION
On March 17, 1999, Tony Miller and Tekisha Gulley argued concerning the care of their child. Tekisha's brother, Jesse Gulley, believed that Tony Miller hit Tekisha during this argument. At approximately 7:30 p.m., Tony Miller was traveling in his car with his sister, Tareka Miller, and their friend, LaRae Grimes. They pulled into the parking lot of the Highland Park Apartment complex on Alan Page Drive, in Canton, Ohio. Jesse Gulley pulled his vehicle into the lot directly behind Tony Miller's vehicle. Appellant Charles Travis Royster was with Jesse Gulley. Jesse Gulley accused Tony Miller of hitting his sister. A fight broke out between the two groups. During the fight, appellant pulled out a gun and fired several times, shooting Tony Miller in the elbow. Although Tony Miller did not see who fired the gun, he heard appellant yell, "Anybody come around this mother fucker, I'm willing to pop him, too." Tr. 132. Appellant was indicted by the Stark County Grand Jury on one count of felonious assault. (R.C.2903.11). The case proceeded to jury trial in the Stark County Common Pleas Court. Following trial, appellant was convicted as charged, and sentenced to seven years incarceration. Appellant assigns a single error on appeal:
 ASSIGNMENT OF ERROR THE JURY VERDICT IS AGAINST THE MANIFEST WEIGHT AND SUFFICIENCY OF THE EVIDENCE THEREBY VIOLATING THE DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE I., SECTION 10 OF THE OHIO CONSTITUTION.
Appellant argues that the judgment is not supported by sufficient evidence, and is against the manifest weight of the evidence. The legal concepts of sufficiency of the evidence and weight of the evidence are both quantitatively and qualitatively different. State v. Thompkins (1997), 78 Ohio St.3d 380, paragraph two of the syllabus. With respect to sufficiency of the evidence, sufficiency is a term of art meaning the legal standard applied to determine whether the evidence is legally sufficient to support the jury verdict as a matter of law, or whether the case may go to the jury. Id. at 386. In essence, sufficiency is a test of adequacy, and whether the evidence is legally sufficient to sustain a verdict is a question of law. Id. In the instant case, the evidence is sufficient to support the jury's verdict. While the eyewitness accounts of the fight contain some discrepancies, none of the witnesses testified that a person other than appellant possessed or fired a weapon. Adam Baldwin testified that after several participants in the fight jumped Tony Miller, he saw appellant pull out a hand gun and shoot at Tony. Acorea Stoval testified that after Jesse Gulley and Tony Miller began fighting, he saw appellant shoot Tony Miller. LaRae Grimes testified that she saw appellant hit Tony Miller in the eye with a gun, then pull out a gun and shoot Tony. Larry Grimes testified that although he did not see appellant shoot Tony, appellant was the only person he saw in possession of the weapon, and appellant had pointed the gun at the witness. Contrary to appellant's argument, there was sufficient evidence to support the jury's finding that appellant had fired the shot which struck Tony Miller in the elbow. In considering a claim that a judgment is against the weight of the evidence, we must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses, and determine whether when resolving conflicts in the evidence, the jury clearly lost its way. Id. at 387. The discretionary power to grant a new trial should be exercised only in the exceptional case when the evidence weighs heavily against conviction. Id. In his argument that the verdict is against the manifest weight of the evidence, appellant argues that it is apparent that the witnesses discussed their testimony with each other prior to appearing in court, and all the witnesses were aligned with Tony Miller's side of the altercation preceding the shooting. Appellant also argues that no independent witnesses was located by the police, and many of the State's witnesses never spoke to the police following the incident. He further argues that several witnesses who were interviewed by the police changed their stories at the time of trial, while other testimony is contradictory and ludicrous. Appellant's brief, page 7-8. Appellant correctly points out that the witnesses' testimony is not consistent in all respects. Nevertheless, the jury could have reasonably concluded that during the melee different people focused on different events, or remembered events differently depending upon their physical location during the fight. However, the witnesses were consistent on the point that Jesse Gulley began the fight with Tony Miller, and appellant stood by Gulley during the fight. The witnesses who saw a weapon all testified that appellant was the person in possession of the gun, and they did not see anyone else with a gun. Three witnesses testified that they saw appellant fire the weapon. Tony Miller testified that although he did not see who fired the weapon, he recognized appellant's voice threatening to "pop" anyone who came near him. While appellant claims there were no independent witnesses to the fight, there is nothing in the record to suggest that Adam Baldwin and Acorea Stoval, who both identified appellant as the person who fired the weapon, were aligned with either faction during the fight. The witnesses indicated that they knew all the participants from their neighborhood. Counsel for appellant strenuously cross-examined witnesses who testified differently than they had testified at the preliminary hearing, and who gave a different account of the fight at trial than they gave to police. The record does not reflect that the jury clearly lost its way.
The judgment is not against the manifest weight of the evidence. The assignment of error is overruled. The judgment of the Stark County Common Pleas Court is affirmed.
FARMER, J. and WISE, J. CONCUR.